UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | 19 Cr. 690-2 (KPF) |
| CHRISTIAN BAEZ, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

Christian Baez was a courier for a drug-trafficking organization (the "DTO") that sold heroin, cocaine, and fentanyl under the name "Mike's Candyshop." (*See* Revised Presentence Investigation Report ("PSR" (Dkt. #255)) ¶¶ 17-37). In the course of his participation in the DTO, Mr. Baez delivered a fatal dose of heroin and cocaine to a 35-year-old customer (the "Victim") on December 15, 2018. (*Id.* ¶¶ 25-28). Mr. Baez pleaded guilty to narcotics and firearms charges on March 3, 2021 (*id.* ¶¶ 1-7), and on September 9, 2022, he was sentenced by this Court principally to a term of eight months' imprisonment and three years' supervised release (Dkt. #254 (judgment)). Mr. Baez began his term of supervised release on September 22, 2023, and, according to the Probation Office, his maximum expiration date is September 21, 2026.

In November 2024, Mr. Baez moved for early termination of his supervised release, citing his compliance with his conditions of supervised release and his reintegration into the community. (Dkt. #287 (counseled submission), 293 (letter from Mr. Baez)). The Court understands that the Probation Office and the United States Attorney's Office oppose the request.

(Dkt. #294 (Government opposition)).  For the reasons stated in the remainder of this Order, the Court denies Mr. Baez's request for early termination.

Section 3583(e)(1) of Title 18 of the United States Code empowers a court to terminate a term of supervised release at any time after the expiration of one year of that term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice."  18 U.S.C. § 3583(e)(1); *see also United States* v. *Brooks*, 889 F.3d 95, 99 (2d Cir. 2018) (per curiam) (noting that the purpose of supervised release is not punitive but rehabilitative); *see generally Esteras* v. *United States*, 145 S. Ct. 2031 (2025) (discussing factors that courts may consider in imposing, and revoking, a term of supervised release).  A court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  18 U.S.C. § 3583(e).  Put somewhat differently, the court is required to consider the factors in Section 3553(a) that "bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'"  *United States* v. *Gonzalez*, No. 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States* v. *Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).  The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases."  U.S.S.G. § 5D1.2, comment. n.5 (November 2024 manual).

"So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant."  *United States* v. *Parisi*, 821 F.3d 343, 347 (2d

Cir. 2016) (citing *Lussier*, 104 F.3d at 36, among other cases)).  "Occasionally, changed circumstances — for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release — will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *Lussier*, 104 F.3d at 36.

The Court declines to terminate Mr. Baez's term of supervised release early.  In particular, the nature and circumstances of his offense conduct, 18 U.S.C. § 3553(a)(1), and the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), counsel against early termination.  Over a period of years, Mr. Baez conspired with others to distribute kilograms of cocaine and heroin to Mike's Candyshop customers.  (PSR ¶¶ 47-53).  He remained in the conspiracy even after learning that its leader, Ariel Tavarez, used firearms to maintain order in the conspiracy and protect its territory.  (*Id.* ¶¶ 48-52).  Indeed, Mr. Baez remained in the conspiracy even after delivering a fatal dose of narcotics to one of its customers.  (*Id.* ¶¶ 25-28).[1]

---

[1]    The remaining applicable Section 3553(a) factors are, on balance, neutral to the Court's analysis.  Given Mr. Baez's conduct on supervised release, as well as his strong family and community ties, the Court perceives less of a need "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C).  Nor does the Court consider continued supervised release necessary "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  *Id.* § 3553(a)(2)(D).  Finally, as to the "kinds of sentence and the sentencing range established for" the offense, the consideration of "pertinent policy statement[s]," and the "need to avoid unwarranted sentencing disparities," *id.* § 3353(a)(4)-(6), the Court notes that Mr. Baez's sentence reflected a significant downward departure from his advisory Guidelines range.

Mr. Baez maintains that his "full[ ] complian[ce]" with the terms and conditions of supervised release warrants early termination. (Dkt. #287 at 2-3). While the Court commends Mr. Baez for his conduct on supervised release — including maintaining a stable job and residence, and garnering family and community support — such compliance is expected of everyone on supervision. *See United States* v. *Wheeler*, No. 20 Cr. 492 (GHW), 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." (internal quotation marks omitted)); *accord, e.g.*, *United States* v. *Scarpa*, No. 18 Cr. 123 (CBA), 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); *United States* v. *Rosario*, No. 17 Cr. 27 (LTS), 2023 WL 7305260, at *3 (S.D.N.Y. Nov. 6, 2023); *United States* v. *Auerbach*, No. 19 Cr. 607 (PKC), 2023 WL 4600065, at *1-2 (E.D.N.Y. July 18, 2023). In other words, "[c]ompliance with release conditions does not, by itself, provide a basis for early termination of supervised release." *United States* v. *Guerrero-Fajardo*, No. 23 Cr. 210 (JPC), 2024 WL 3925338, at *2 (S.D.N.Y. Aug. 23, 2024).

Nor is there any reason to conclude that the conditions of Mr. Baez's supervised release have imposed unusual burdens on him or otherwise interfered with his ability to adjust to society. For starters, Mr. Baez does not suggest this in either his counseled or *pro se* submissions. (Dkt. #287, 293). In addition, the Court is advised that Mr. Baez is being supervised by the Low Intensity Unit, which suggests limited burdens on his daily life.

4

In short, Mr. Baez worked for a DTO that sold lots of drugs and employed violence and threats of violence; he was the but-for cause of the death of one of the DTO's customers; and he still received a substantially-below-Guidelines sentence. When it imposed sentence, the Court expected Mr. Baez to serve his complete term of supervised release; it still expects that. Accordingly the Court DENIES Mr. Baez's motion for early termination of supervised release.

The Clerk of Court is directed to terminate the motion pending at docket entry 287.

SO ORDERED.

Dated:    October 2, 2025
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge